# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

DAVID EARL POMAR,

    Petitioner,

vs.                                    CIVIL ACTION NO.: CV209-054

WARDEN, Federal Satellite Low,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David Earl Pomar ("Petitioner"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the following reasons, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

The United States District Court for the Middle District of Florida sentenced Petitioner to eighty-four months' incarceration for attempting to manufacture five or more grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. (Doc. No. 6, pp. 2-3). Petitioner received a two-point Specific Offense Characteristic sentence enhancement for involvement of a firearm. (Id. at p. 2). Petitioner claims that he should be considered for a sentence reduction upon completion of the Federal Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). (Doc. No. 1, p. 3).

AO 72A
(Rev. 8/82)

Petitioner asserts that the BOP erred in denying him a sentence reduction based on his sentence enhancement for possession of a firearm during the commission of a drug offense.

## DISCUSSION AND CITATION TO AUTHORITY

On June 20, 2008, the BOP made a provisional determination that Petitioner is ineligible for early release under 18 U.S.C. § 3621[1] due to Petitioner's firearm use during the commission of a crime. (Doc. No. 6-2, pp. 21-22). Despite the BOP's determination, Petitioner started the RDAP class on November 24, 2008. At the time of filing his habeas corpus petition, he had not completed the class, and it is not known whether he will, in fact, complete the RDAP program. (Doc. No. 6, p. 5). Respondent asserts that Petitioner's claim is not yet ripe for review since a final determination as to his eligibility for sentence reduction under 18 U.S.C. § 3621(e) has not been reached.

Though the BOP has provisionally determined that Petitioner is ineligible for early release under the current rules, there has been no final decision on this point as yet. Moreover, there is no guarantee that Petitioner will actually complete the program. There is similarly no guarantee that if he does complete the program, the BOP's final decision as to his early release eligibility will be the same as its provisional determination, or that the regulations and policy governing early release will even be the same at that time.

---

[1] 18 U.S.C. § 3621(b) requires that the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." This treatment program carries with it an early release component, wherein the BOP has discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a nonviolent offense and completes an RDAP during his current confinement. 18 U.S.C. § 3621(e)(2)(B). Regulations implementing this provision subsequently excluded from the early release incentive inmates who committed a felony involving the possession of a firearm. 28 C.F.R. § 550.58(a)(vi)(B).

Ripeness questions are governed by the Supreme Court's two-part <u>Abbott Labs</u> test, whereby the court considers the fitness of the issues for judicial determination, as well as the hardship to the parties in withholding determination. <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136 (1967), *overruled on other grounds by* <u>Califano v. Sanders</u>, 430 U.S 99 (1977). The fitness inquiry weighs heavily against adjudication of Petitioner's petition. Given the timeframe, it is clear that any decision of this Court on the issue would amount to a speculative and impermissible advisory opinion based on events which have not occurred and may not ever occur. See <u>Nat'l Adver. Co. v. City of Miami</u>, 402 F.3d 1335, 1339 (11th Cir. 2005) ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes."). The principle of ripeness means that this Court will not involve itself unnecessarily in the affairs of an agency and will not adjudicate hypothetical conflicts that may never actually arise. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) (internal quotations omitted).

Petitioner's complaint has been brought at a point too early, such that there is no concrete dispute to be resolved between the parties. Prudential considerations likewise do not counsel in favor of adjudication. Delayed review of Petitioner's claim will not cause him any direct and immediate impact. He is in a position identical to every other inmate participating in the RDAP in that a final decision as to his eligibility for early release will be determined *if and when* he completes the program. Upon consideration

AO 72A
(Rev. 8/82)

3

of both the constitutional and prudential concerns underlying the ripeness doctrine, Petitioner's claim is premature.

## CONCLUSION

Accordingly, it is my **RECOMMENDATION** that Petitioner's 28 U.S.C. §2241 petition be dismissed without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 13th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE